Date: July 6, 2004

**To:** UNITED STATES DISTRICT COURT
For the Northern District of West Virginia

Wheeling Offices

**From:**

        Plaintiff

Thomas Joseph Coyne, Ph.D.
502- 11th Avenue
Huntington, West Virginia 25701

        Versus

        Defendant

Joseph Manchin, III
Secretary of State of West Virginia
Building 1, Suite 157 – K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305-0770

FILED
JUL - 6 2004
U.S. DISTRICT
WHEELING

5:04-cv-74

---

**Subject:** MOTION FOR EXPEDITED PRELIMINARY INJUNCTION

      Pursuant To Rule 65 or other of the Federal Rules of Civil Procedure, Applicant for Intervention (Coyne) moves this Court for an immediate preliminary injunction allowing Applicant's name, "Thomas Joseph Coyne, Ph.D.", to appear on the ballot for the Office of Governor, State of West Virginia in the 2004 General Elections, such injunction to become effective as soon as possible.

Respectfully submitted,

*/s/ Thomas J. Coyne*
Thomas J. Coyne, Ph.D.,
Attorney for Self

Plaintiff appears and cites his complaint against the Defendant as follows:

I. <u>Party</u>

1. Plaintiff is a male and a native born citizen of West Virginia who is seeking the Office of Governor, State of West Virginia.
2. Plaintiff has at all relevant times maintained residency addresses in Wheeling and in Huntington, West Virginia.
3. Plaintiff has at all relevant times paid taxes on Real Property in Marshall County in the State of West Virginia and has been doing so for at least forty-five (45) years.
4. Defendant Joseph Manchin, III is seeking the identical office as Plaintiff; namely, Defendant seeks the Office of Governor, State of West Virginia.
5. Defendant Joseph Manchin, III serves currently as Secretary of State, State of West Virginia.
6. Defendant Joseph Manchin, III has at all relevant times been an employee of the State of West Virginia. He is a public official.
7. Defendant Joseph Manchin, III, in his official capacity as Secretary of State, State of West Virginia, has denied Plaintiff the fundamental United States Constitutional right to petition government.

II. <u>Jurisdiction and Venue.</u>

8. Jurisdiction for this action is founded upon the Constitution of the United States of America, as amended; more specifically, this action is founded on Article I: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and <u>to petition the Government</u> for a redress of grievances (Emphasis added)."
9. All of the actions alleged hereto have been taken while Defendant Manchin, III was an Agent of the State of West Virginia government and were within the scope of his employment and agency with the State of West Virginia.
10. The action of the Defendant which gave rise to the Claims herein occurred in a letter from his office to Plaintiff dated June 11, 2004,
11. On June 11, 2004, Defendant denied Plaintiff's written request of May 16, 2004 for Official Form P-3/ Issued by the Secretary of State (WV Code 3-5-23)/ Revised 12/31/2003 Candidate Nomination Petition forms claiming: "the candidate (for Governor) filing deadline was on January 31, 2004 at midnight."
12. While functioning in his official capacity, Defendant was guilty of conflict of interest as he filed petitions seeking the identical office

being sought by Plaintiff he delayed his response to Plaintiff's written request from May, 2004 seeking the "official form." Defendant thereby carved additional time off the time remaining for Plaintiff to petition successfully.
13. Defendant knew or should have known:
14. State WV Code 3-5-23 is unconstitutional as it denies one the right to petition government within a reasonable period of time; as with citizens of the United States of America, native born citizens of West Virginia; namely, the Plaintiff, have a Constitutional right to petition government at any time, for any reason, with or without any particular "form."
15. It is unconstitutional to require a different number of signed petitions for the current Secretary of State, a few hundred signatures only, and to require upwards of fifteen thousand (15,000) signatures for Plaintiff.
16. The "official" petition form was revised in West Virginia on 12/31/2003, but the form was unavailable on that date.
17. The "official" petition form was printed some time after it was revised, making the time frame for its use almost impossible to meet except for political insiders at the Secretary of State's Office, and other government offices.
18. The office of Defendant was closed on Saturday, 1/31/2004 during the day, and at midnight on that date, the "official" petition form filing deadline date and time.
19. The "official" petition form filing deadline is unreasonable as it allows an Independent Candidate for the Office of Governor, State of West Virginia, fewer than thirty (30) days in the dead of winter to accumulate about 15,000 signatures at a time when Republican and Democrat candidates for the same office can obtain signatures from significantly statistically fewer persons, ones to whom they may have supplied jobs, and do so in a matter of hours on any given work day.
20. The "official" petition form requires one to specify his/her "party" affiliation, but it is unnecessary for one to belong to a political party as a prerequisite to petitioning his/her government.

### III. Factual Statement.

21. Plaintiff is an Independent Candidate for the Office of Governor, State of West Virginia, and has been denied his right to access in a timely and professional manner the official petition forms, forms supplied in West Virginia only through the Office of the Secretary of State.
22. Absent the necessary petition forms, Plaintiff as an Independent Candidate for the Office of Governor, State of West Virginia, was denied his Constitutional right to meet and mingle with potential voters in various cities throughout the state for the purpose of gaining and maintaining their support throughout the now very short campaign season as no petition form was provided for West Virginians to sign.

23. Plaintiff needs an <u>immediate</u> court order and re-alleges Paragraphs 1 through 22.
24. By violating Plaintiff's Constitutional rights, Defendant has caused Plaintiff heavy emotional distress, financial damage, and has contributed significantly to the probability that political support may not be forthcoming throughout the city of Wheeling, Huntington, and the State of West Virginia in time for him to win the Office of Governor, State of West Virginia.

For these and other reasons, Plaintiff demands an <u>immediate</u> judgment against the Defendant for Court Costs, and demands issuance of an order declaring WV Code 3-5-23 unconstitutional in the United States of America and placing Plaintiff's name on the ballot for the Office of Governor, State of West Virginia, such order to be issued promptly, thereby allowing Plaintiff to meet and greet fellow West Virginians as a candidate for the Office of Governor, State of West Virginia.

Respectfully submitted,

*[signature]*

Thomas Joseph Coyne, Ph.D.,
Candidate for Governor, State of West Virginia
Attorney for Self (Plaintiff)
502 – 11th Avenue
Huntington, West Virginia
(Phone: 330.607.~~8750~~)
         8570