IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS JOSEPH COYNE, Ph.D.,

    Plaintiff,

v.                                        Civil Action No. 5:04CV74
                                                         (STAMP)
JOSEPH MANCHIN, III,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On August 15, 2004, the court received a by fax a letter from the plaintiff dated August 14, 2004 which the Court construes as a motion asking this Court to reconsider its August 9, 2004 memorandum opinion and order denying plaintiff's motion for expedited preliminary injunction. The Clerk of Court is DIRECTED to file plaintiff's letter as a part of the record in this case.

The plaintiff argues that this Court should reconsider its order based on three considerations. First, the plaintiff argues that West Virginia Code § 3-5-23 applies to "groups of citizens having no party organization" rather than "individuals" such as the plaintiff himself. Because the Code states no procedure for individuals, the plaintiff argues it does not apply to him. Second, plaintiff objects to the Court's use of the phrase "frivolous candidate" in a quote from a case cited in this court's

opinion,[1] and argues that because the issue of frivolity was not raised by either party, the Court should not have included such language in its order. Third, plaintiff argues that a serious qualified independent individual should have access to the ballot for the Office of Governor in the State of West Virginia as a matter of public policy.

"[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Where evidence is not newly discovered a party may not submit that evidence in support of motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1989). A motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision -- a party should not file such a motion "to ask the court to rethink what the court had already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, 99 F.R.D. 99, 101 (E.D. Va. 1983); see also Robertson v. Yamaha Motor Corp., USA, 143 F.R.D. 194, 196 (S.D. Ill. 1992). Rather, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law or where the party produced new evidence

---

[1]The court quotes, Anderson v. Celebrezze, 460 U.S. 780, 788 n.9 (1971).

2

that could not have been obtained through the exercise of due diligence." Prudential Securities, Inc. v. LaBland, 151 F.R.D. 678, 679 (D. Kan. 1993).

Upon consideration of the plaintiff's letter motion and the factual circumstances, this Court concludes that the plaintiff's motion for reconsideration should be DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   August 25, 2004

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

AUG-15-2004 09:36 AM  COYNE                    3308360568                                    P.01

Thomas Joseph Coyne, Ph.D.
502 – 11th Avenue
Huntington, West Virginia 25701

*U.S. DISTRICT COURT FILED AT WHEELING, WV  AUG 25 2004  NORTHERN DISTRICT OF WV  OFFICE OF THE CLERK*

August 14, 2004

Frederick P. Stamp, Jr.
Judge, United States District Court
12th and Chapline Streets
Wheeling, W. V. 26003
(Fax: 304-233-0402)

Re: Coyne/Civil Action 5:04 CV 74

Dear Judge Stamp:

    Thank you for the considerable time and effort you devoted to my Complaint of July 6, 2004. I have read and respect your Opinion and Order of August 9, 2004; however, I am compelled to call your attention to certain basic, critical facts and hope you will amend your Order:

    (1) **<u>WV law 3-5-23.</u>** *<u>The WV legislature has failed to provide legislation for individuals</u>*, persons remaining protected by the Constitution of the United States only, *<u>and the WV Secretary of State is without authority to pass and enact legislative rulings on his own.</u>* Law 3-5-23 is non-applicable to me, a non-group person. Under the circumstances, it appears impossible for me to lose the case on the merits of Law 3-5-23.

    The Federal District Court in Wheeling, my hometown, was asked by me to declare this law unconstitutional in it's entirely as it applies to me *because 3-5-23 does not apply to me, nor does it apply to any independent person, individual, or to any self-nominated person such as me;* instead, it applies to "Groups of citizens having no party organization . . . ." I am not a member of a group or "groups." The State of West Virginia recognizes this fact by telling me to become a "write-in" candidate, or "run in the next election." The "write-in" candidacy, or "run in the next election for governor," notions supplied by defendant represent ideas correctly found by you in your ruling "to be without merit," so your denial of my Complaint (see your page 6) leaves me no options: I am irreparably harmed! Through no fault of my own, the State of WV has failed to pass legislation dealing with how an individual state-wide candidate (single) can run for governor; absent existing law to the contrary, and as a qualified, serious candidate, I have a constitutional right to appear on the ballot! It is even more unreasonable to allow the Secretary of State, himself a candidate for that office, to declare me ineligible to run for any reason. I agree the "state has a public interest in providing statutory requests for the proper filing of candidacy forms and for the compliance with that state's election laws (see your page 15),"



but WV has laws applicable only to "groups" thereby freezing-out individuals such as me.

(2) **Frivolous Candidates.** I agree "it is wasteful and confusing to encumber the ballot with the names of frivolous candidates (see your page 7)." My candidacy is not frivolous and the notion of frivolity was raised neither by defendant nor plaintiff in this case. It was raised only by the Court. Frivolous is a descriptive adjective speaking to the issue of seriousness. The defendant and I realize I am a very serious candidate! My seriousness may be the reason for the existing State of WV government doing whatever it can to keep me off the ballot! My seriousness and credentials speak for themselves; besides, only the voter should decide who is qualified, and who is not! It appears impossible for me to lose the case on its merits if it comes to my credentials and The Federal District Court's suggestion of frivolity.

> **No options exist other than Federal Court as <u>no WV law in existence, neither now nor in the past, addresses the issue of access to the ballot for the office of Governor, State of West Virginia, for a stand-alone, non-party affiliated, self-nominated, totally serious, totally qualified, independent person.</u> Only the legislative body, State of West Virginia, is authorized to construct such a law, and through no fault of my own I am irreparably harmed by its failure to do so. Attempted application and Federal Court interpretation of one or more laws written to control Third Party groups (i.e., Libertarians, socialists, and others) is applicable to Third Party Groups, not to individuals. In an honest democracy, voters decide who is qualified, which is supposed to be the reason for the election process. The political party in power must not be allowed to pick and choose its opponents for office. When you have an opportunity to see the transcript of your July 28, 2004 hearing, you will appreciate how and why I am without options other than the Federal District Court.**

Please consider these points and issue an Amended Opinion, letting me hear from you quickly. It would save badly needed time, effort and money associated with appealing the case in Richmond.

Sincerely,

Thomas J. Coyne, Ph.D.,
Independent Candidate for Governor, State of West Virginia

cc. William S. Steele, Managing Deputy Attorney General
State of West Virginia, Building 1, Suite 157 – K
1900 Kanawha Boulevard East
Charleston, WV 25305-0770
(Fax: 304-558-0140)

2